IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ALVIN L. GREGORY,**

    **Petitioner,**

v.                                          Civil Action No. 5:02-0472

**MICHAEL V. COLEMAN, Warden,**
**Mount Olive Correctional Complex**,

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion to vacate the judgment (Doc. No. 60). Having reviewed the record and applicable case law and for the reasons stated below, petitioner's motion to vacate the judgment (Doc. No. 60) is hereby **DENIED**.

## I.  Factual Background

Petitioner is currently serving a life sentence in state custody after pleading guilty to first degree murder in 1975. (Doc. No. 3, Exs. A & B.)  Petitioner was paroled on May 23, 1990, and his parole was revoked on February 13, 1991 after petitioner failed to timely report his arrest for breaking and entering.  (Doc. No. 3 Ex. E.)

Petitioner argues that the rules governing the revocation of his parole were not promulgated within the time permitted, and are therefore invalid. (Doc. No. 60.)  First, petitioner states that state agencies must promulgate new rules within sixty days

after an authorizing statute becomes effective.  W. Va. Code § 29A-3-13.  Petitioner argues that the authorizing statute at issue here empowered the Department of Corrections to issue legislative rules on parole and became effective on April 8, 1989.  See Act of April 8, 1989, ch. 110, 1989 W. Va. Acts 890 [hereinafter "1989 Act"].

Next, petitioner states that the Department of Corrections filed rules on Parole Supervision eighty days later, on June 27, 2989.  See W. Va. State Register, Department of Corrections, Parole Supervision, June 27, 1989.  These were the rules applicable to petitioner's parole release on May 23, 1990 and his parole revocation on February 13, 1991.  (Doc. No. 60 at 3-4, Ex. C.)  Petitioner argues that because the regulations were not filed within sixty days of the authorizing statute's effective date, they are invalid, his parole revocation was improper, and that he is entitled to habeas relief.  (Id. at 4.)

## II.  Analysis

The filing and timing of the parole supervision rules does not invalidate the rules or affect the validity of petitioner's parole revocation because the 1989 Act explicitly authorized them as they existed at the time of petitioner's parole release and revocation.  Statutory authorization for rules governing parolees was originally extended in 1965.  See Act of March 12, 1965, ch. 42, 1965 W. Va. Acts 211, 213 [hereinafter "1965 Act"] (codified

at W. Va. Code § 62-31-2 (1988)) (authorizing the director of the division of correction to "prescribe rules and regulations for the supervision of probationers and parolees under its supervision and control"). Under this authorization, the West Virginia Department of Corrections[1] promulgated parole rules identical in substance[2] to the ones applied to petitioner and filed them in the State Register on September 20, 1988. See W. Va. State Register, Department of Corrections, Sept. 20, 1988 [hereinafter "1988 Rules"].

In addition to authorizing new rules, the 1989 Act explicitly authorized the 1988 Rules. See 1989 W. Va. Acts 890, 975 (codified at W. Va. § 64-2-54 (1989)). Also, the 1989 Act states that rules authorized under the 1989 Act are within the legislative intent of the statute. 1989 W. Va. Acts 890-91 (codified at W. Va. § 64-1-1 (1989)). West Virginia has never ruled on the validity of a legislative rule when it was

---

[1] Confusingly, the 1965 statute refers to the "Division of Correction." In 1977, West Virginia transferred the powers and responsibilities delegated to the Office of the State Commissioner of Public Institutions including the Division of Correction to the newly formed Department of Corrections. See Act of April 8, 1977, ch. 70, 1977 W. Va. Acts 143, 145 (codified at W. Va. Code § 25-1-11 (1977)). The entity that promulgated the parole supervision rules at issue in this case was the "Department of Corrections."

[2] The only difference between the rules as they appear in the 1988 register notice versus the 1989 register notice is that the heading was changed from "Rules and Regulations governing parole supervision" to "Parole Supervision."

specifically authorized by statute with authority simultaneously extended to a state agency to promulgate new rules. However, in a similar situation, a Florida intermediate appellate court held that existing rules remained valid after a statute authorized a state agency to enact rules even though the Florida's administrative procedure laws required the agency to propose new rules within 180 days of the authorizing statute's effective date. <u>Florida v. Rasmussen</u>, 644 So. 2d 1389, 1390-91 (Fla. Dist. Ct. App. 1994).

In that case, Florida transferred from one agency to another rulemaking authority over administration of blood alcohol tests. <u>Id.</u> The statute's "savings clause" provided that the existing regulations would remain in effect until specifically amended by the newly authorized agency. <u>Id.</u> As in West Virginia, a separate statute required that the agency propose new rules within a period of time (in Florida, 180 days) following the authorizing statute's effective date. <u>Id.</u> Taking the grant of rulemaking authority and the "savings clause" together, the <u>Rasmussen</u> Court reasoned that the statute empowering the transferee agency to make rules *authorized* but did not *require* the proposal of new rules. <u>Id.</u> As such, the court reasoned that the 180 day requirement was not implicated and that the old blood alcohol test rules were valid. <u>Id.</u>

Similarly, in this case, West Virginia preserved the existing rules by specifically authorizing them. Given that the legislature explicitly approved these rules and stated that they were within the legislative intent of the 1989 Act, this court cannot say that they are rendered invalid by being re-filed without substantive change beyond the sixty days permitted under § 29A-3-13. See Rasmussen, 644 So. 2d at 1390-91. Accordingly, petitioner is not entitled to habeas relief, and his motion to vacate this court's judgment is denied.

The Clerk is directed to forward a certified copy of this Memorandum Opinion and Order to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 6th day of April 2006.

ENTER:

David A. Faber
Chief Judge