IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ALVIN L. GREGORY,**

    **Petitioner,**

v.                                          Civil Action No. 5:02-0472

**MICHAEL V. COLEMAN, Warden,**
**Mount Olive Correctional Complex**,

    **Respondent.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's objections to the denial of petitioner's Rule 60(b) motion (Doc. No. 70). Having reviewed the record and applicable case law and for the reasons stated below, petitioner's motion to vacate the judgment (Doc. No. 60) is hereby **DENIED** for lack of jurisdiction.

### I.  Factual Background

On May 22, 2002, petitioner filed a petition for habeas corpus. (Doc. No. 3.) On September 29, 2005, this court denied petitioner's motion for summary judgment and granted the respondent's motion to dismiss, disposing of all of the issues in this case. (Doc. No. 56.) On October 17, 2005 petitioner moved to alter or amend the judgment or for a new trial (Doc. No. 58) and that motion was denied on December 7, 2005 (Doc. No. 59). Next, petitioner filed a Rule 60(b) motion on January 5, 2006. (Doc. No. 60.) That motion was denied on April 6, 2006. (Doc. No. 62.) Simultaneously, the court granted petitioner's motion

for an extension of time to file a notice of appeal and directed the clerk to enter a notice of appeal on petitioner's behalf. (Doc. No. 63.) The Clerk entered a notice of appeal on April 6, 2006. (Doc. No. 64.)

This court lacks jurisdiction over issues pending on appeal. <u>Fobian v. Storage Tech. Corp.</u>, 164 F.3d 887, 890 (4th Cir. 1999) ("[A]n appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal.") (internal quotations omitted). In his pending motion (Doc. No. 70), petitioner argues that this court wrongly denied his Rule 60(b) motion. Petitioner presents the same arguments he made to this court in prior pre- and post-judgment filings. As such, the pending motion relates only to issues on appeal, and this court lacks jurisdiction to entertain it. Accordingly, petitioner's objections to the denial of petitioner's motion to vacate judgment (Doc. No. 70) is denied for lack of jurisdiction.

The Clerk is directed to forward a certified copy of this Memorandum Opinion and Order to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 7th day of June, 2006.

                ENTER:

                *David A. Faber* (signature)
                David A. Faber
                Chief Judge